## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:10CV-00043-JHM**

**DANA RENEE JONES**                                               **PLAINTIFF**

**VS.**

**APRIL A. HELM and**
**NEW CONCEPTS IN MARKETING, INC.**                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, April Helm, for summary judgment [DN 17], on a motion by Defendant, New Concepts In Marketing, Inc., for summary judgment [DN 20], and on a motion by Defendant, April Helm, for leave to amend her answer [DN 26]. Fully briefed, these matters are ripe for decision.

### I. MOTION TO AMEND ANSWER

In response to a Show Cause Order issued by the Court questioning subject matter jurisdiction, Defendant, April Helm, filed a motion for leave to file a second amended answer. Helm submits an affidavit reflecting that at the time the suit was initiated and at the time both the answer and amended answer were filed, she lived in Evansville, Indiana. The record further reflects that the summons was issued to Helm in Indiana on August 4, 2010, and she was subsequently served at that address. Counsel for Helm indicates that in the previous answers, he inadvertently identified that numbered paragraph two (2) of the Plaintiff's complaint was admitted which alleged that "Defendant, April A. Helm, is and was a resident of Corydon, Henderson County, Kentucky." (Complaint ¶ 2, Answer ¶ 3.) In conjunction with her response to the Show Cause Order issued by the Court, Helm seeks leave to amend her answer pursuant to Fed. R. Civ. P. 15(a)(2) to deny numbered paragraph two (2) based on the fact that she was a resident of Indiana when the suit was

filed. None of the parties object. For these reasons, the Court grants Helm's motion for leave to amend her answer.

## II. MOTIONS FOR SUMMARY JUDGMENT

### A. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

# B. BACKGROUND

This action arises out of an automobile accident involving the Plaintiff, Dana Renee Jones ("Jones"), and her husband and Defendant, April A. Helm ("Helm"), an employee of Defendant, New Concepts in Marketing, Inc. ("New Concepts"). The accident occurred in Campbellsville, Kentucky, on February 12, 2008. The Plaintiff alleges that Helm, acting in the course and scope of her employment with New Concepts, was responsible for causing the accident. Helm was insured under an automobile liability insurance policy by Progressive Casualty Insurance Company with policy limits of $100,000. Helm's employer, New Concepts, also had a policy of insurance through The Hartford Insurance Company which included Helm and New Concepts as insureds. Plaintiff made a claim for her injuries under both the Progressive and Hartford policies.

On April 21, 2008, Progressive tendered its $100,000 policy limits to Jones. By letter dated April 25, 2008, Hartford indicated that it still needed time to evaluate the claim. Counsel for Plaintiff represents that he notified Progressive that Jones could not accept the policy limits and execute a general release of all claims given the outstanding claim under the Hartford policy. Given its desire to close the claim, Progressive agreed to insert language in the release to reserve certain claims.

On June 23, 2008, Jones and her husband accepted $100,000 from Progressive and signed a contract ("Settlement Agreement") entitled "FULL RELEASE OF ALL CLAIMS WITH INDEMNITY ON BEHALF OF DANA JONES." The Settlement Agreement provides in relevant part:

> . . . Mark Jones and Dana Jones, individually and as husband and wife for and in consideration of the sum of One Hundred Thousand Dollars and NO/100 ($100,000.00), in new money, exclusive of PIP subrogation, the receipt of which is hereby acknowledged, do hereby . . . release, acquit and forever discharge Shawn

Helm, April Helm and Progressive Casualty Insurance Company from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of wages, expenses, hospital and medical expenses accrued or unaccrued claims for loss of consortium, loss of support or affection, loss of society and companionship, attorneys fees, and punitive damages on account of or in any way growing out of any and all known and unknown personal injuries and damages resulting from an automobile related accident which occurred on or about February 12, 2008, near the intersection of New Columbia Road (KY55) and Lone Valley Road, in Campbellsville, Kentucky. This release does not release April Helm as to coverage afforded to her by The Hartford Insurance Company through New Concepts in Marketing, her employer, up to and including all available limits under The Hartford policy.

(Settlement Agreement ¶ 1.)

On February 10, 2010, Jones filed suit in Taylor Circuit Court, Kentucky, against April Helm and New Concepts. Defendant, New Concepts, removed this action to this Court on March 11, 2010. The Defendants have now filed motions for summary judgment arguing that the Settlement Agreement executed by Jones bars her claims. In response, Plaintiff argues that she reserved her right to pursue a suit against April Helm to the extent of any coverage provided under The Hartford Insurance Company Policy through Helm's employer, New Concepts.

## C. DISCUSSION

"Settlement agreements are a type of contract and therefore are governed by contract law." Frear v. P.T.A. Industries, Inc., 103 S.W.3d 99, 105 (Ky. 2003); see also Humana, Inc. v. Blose, 247 S.W.3d 892, 895 (Ky. 2008). The interpretation of a contract is a question of law for the court to decide. Equitania Insurance Co. v. Slone & Garrett, P.S.C., 191 S.W.3d 552, 556 (Ky. 2006). "In construing a contract, a court's primary objective is to ascertain and to effectuate the intention of the parties to the contract from the contract itself." Logan Fabricom, Inc. v. AOP Partnership LLP, 2006 WL 3759412, *2 (Ky. Ct. App. Dec. 22, 2006). "[I]n the absence of ambiguity a written instrument will be enforced strictly according to its terms, and a court will interpret a contract's

terms by assigning language its ordinary meaning and without resort to extrinsic evidence." <u>Frear</u>, 103 S.W.3d at 106 (quotation and citation omitted). "A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations." <u>Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.</u>, 94 S.W.3d 381, 385 (Ky. Ct. App. 2002). <u>See also</u> <u>Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.</u>, 436 F.3d 662 (6th Cir. 2006). "The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms." <u>Cantrell Supply, Inc.</u>, 94 S.W.3d at 385.

The Settlement Agreement at issue in this case releases April Helm from any and all claims made by Jones. Specifically, Jones executed a clear release of Helm agreeing to "release, acquit and forever discharge . . . April Helm . . . from **any and all claims**, actions, causes of action, demands, rights, damages, costs, loss of wages, expenses, hospital and medical expenses accrued or unaccrued claims for loss of consortium, loss of support or affection, loss of society and companionship, attorneys fees, and punitive damages" arising from the accident. (Settlement Agreement ¶1 (emphasis added).) Thus, Helm's negligence was discharged in exchange for the payment of $100,000. Contrary to Jones's argument, Paragraph 1 of the Settlement Agreement does not reserve any claims against Helm. Instead, the Settlement Agreement provides "[t]his release does not release April Helm **as to coverage** afforded to her by The Hartford Insurance Company through New Concepts in Marketing, her employer, up to and including all available limits under The Hartford policy." (<u>Id.</u> (emphasis added).) This provision attempts to reserve any additional insurance coverage Helm may have had through her employer New Concepts. In essence, Jones released all claims against April Helm arising out of the accident and reserved the right to pursue a claim against New Concepts and The Hartford Insurance Company. Because the Settlement

Agreement releases April Helm from any and all claims made by Jones, summary judgment in favor of Helm is appropriate.[1]

Despite the attempted reservation, the Settlement Agreement likewise inures to the benefit of New Concepts as to the vicarious liability claim asserted by Jones. Under Kentucky law, an employer can be held vicariously liable for an employee's action if the employee committed the tortious act in the scope of his employment. See Papa John's Intern., Inc. v. McCoy, 244 S.W.3d 44, 50 (Ky. 2008); Copeland v. Humana of Kentucky, Inc., 769 S.W.2d 67, 70 (Ky. Ct. App. 1989). The employer's liability is merely secondary to its employee's liability, and as such, the employer does not owe "separate and distinct" duties apart from its employee. See Copeland, 769 S.W.2d at 69. Kentucky law recognizes that "a release of an agent from liability also releases the principal insofar as the principal's liability is derived solely from the agent's negligence." Waddle v. Galen of Kentucky, Inc., 131 S.W.3d 361, 365 (Ky. Ct. App. 2004) (citing Copeland, 769 S.W.2d at 70.). Since Jones's claim against New Concepts is vicarious in nature and derived solely from its legal relation to Helm, the release of "any and all claims" against Helm operates as a release against New Concepts and bars any action against New Concepts. Copeland, 769 S.W.2d at 70; Waddle, 131 S.W.3d at 365. Accordingly, summary judgment in favor of New Concepts is granted.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, April Helm, for leave to amend her answer [DN 26] is **GRANTED**. The Clerk is ordered to file the second amended answer tendered with the motion.

---

[1] In as much as the Settlement Agreement reserves "the separate bodily injury claim Mark Jones has against April Helm or Dana Jones's loss of consortium claim," those claims have not been pled in the Complaint, and therefore are not addressed by the Court herein.

**IT IS FURTHER ORDERED** that the motions for summary judgment by Defendants, April Helm and New Concepts In Marketing, Inc., [DN 17, DN 20] are **GRANTED**.  A Judgment will be entered consistent with this Opinion.

cc: counsel of record